IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **JOHN DOE,** | ) CASE NO.: <br> ) <br> ) |
| **Plaintiff,** | ) <br> ) |
| v. | ) <br> ) |
| **SAMFORD UNIVERSITY; MALLORY KRUNTORAD; and TIM S. HEBSON, Ed.D.,** | ) <br> ) <br> ) |
| **Defendants.** | ) |

### PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM AND FOR A PROTECTIVE ORDER

Plaintiff John Doe respectfully requests that this grants him leave to proceed under a pseudonym and for a protective order. John's claims against Defendant Samford University ("Samford") involve highly sensitive (and unfounded) accusations of sexual misconduct made against John by non-party, Jane Roe. John respectfully requests that he be permitted to seek redress for Defendant's unlawful actions anonymously as proceeding under his real name would result in the disclosure of information that is of the utmost personal intimacy and would also jeopardize his reputation and/or future. John agrees that Jane's identity should also remain anonymous. As demonstrated below, well-established precedent supports permitting John to proceed anonymously. Further, Samford will not be prejudiced as it is fully aware of both John's and Jane's identities.

**I.     BACKGROUND**

In bringing this action, John seeks redress for actions taken by Samford in conducting a flawed investigation and hearing. All of John's causes of action arise from Samford's conduct in the course of a confidential Title IX investigation and adjudication process, and involve matters of

the utmost privacy and intimacy, including Jane's allegations of nonconsensual sexual activity. Accordingly, to protect both his and Jane's identities, John should be permitted to proceed under a pseudonym.

## II. DISCUSSION

Although Fed. R. Civ. P. 10(a) requires that a complaint name all of the parties, this Court has discretion to allow a party to use a pseudonym when necessary to protect a substantial privacy right which outweighs the customary presumption of openness in judicial proceedings. *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Aug. 10, 1981)). The first step is to consider whether the party seeking to proceed anonymously: (1) is challenging a governmental activity; (2) would be compelled, absent anonymity, to disclose information of the utmost privacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct, thereby risking criminal prosecution. *Plaintiff B* at 1316. Courts have also permitted plaintiffs to proceed anonymously in cases involving mental illness, homosexuality, and transsexuality because "the social stigma attached to the plaintiff's disclosure was found to be enough to overcome the presumption of openness in court proceedings." *Frank* at 324 (citations omitted). Ultimately, the court should "carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* at 323.

Balancing the factors outlined above, and applying them to the present case, supports allowing John to proceed under a pseudonym. First, John is challenging a governmental activity. It is undisputed that Samford receives federal funding in various forms, including but not limited

to, grants and federal student loans provided to Samford by its students or given to Samford by the federal government directly. Second, John seeks to proceed under a pseudonym because the underlying baseless allegations of nonconsensual sexual conduct require him to disclose information of the utmost privacy that will have life-long consequences if made publicly available. John's identity and the identity of Jane should remain confidential in the very public forum of a court proceeding. He does not wish for this matter to be any more public than it has already become, as he does not wish to jeopardize future opportunities for either himself or Jane. One can only watch the media to see how reputations and careers are derailed by allegations of sexual misconduct.

In addition, John is diagnosed with both ADHD and PDD-NOS, which is now part of autism spectrum disorder. There are social stigmas associated with both disorders that would be permanently and publicly associated with John if he were to be precluded from proceeding anonymously. The social stigmas pose a threat of real irreparable harm to John. Further, Samford will not be harmed in any way by granting John's request to proceed anonymously. Samford will not be deprived of information to defend against John's case, as written discovery and depositions can proceed as usual. Samford also already knows the true identities of John and Jane.

Finally, the weight of authority across the country weighs in favor of allowing John to proceed under a pseudonym. *See, e.g.*, *Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 764 (E.D. TN 2009) (overruling university's objections to Magistrate Judge Lee's Memorandum and Order that granted the plaintiffs' motion to proceed under pseudonyms); *Doe v. Alger*, 317 F.R.D. 37, 42 (W.D. VA 2016) ("[T]he court concludes that Doe's privacy interest outweighs the presumption of openness in judicial proceedings and that he may thus proceed anonymously in this case. The

court also finds good cause to protect Roe and the other students involved in the disciplinary proceedings, and so the use of their real names will be prohibited as well."); *Doe v. Rector and Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 594 (E.D. VA 2016) ("[T]he use of a pseudonym is an appropriately tailored means of protecting plaintiff's and Roe's interests without unduly restricting public access to the litigation materials."); *Doe v. Brown Univ.*, C.A. No. 15-144 (D.R.I. Apr. 14, 2015); *Doe v. Brandeis*, 117 F. Supp.3d 561 (D. Mass. 2016) (permitting the use of a pseudonym after weighing factors because plaintiff could be subject to "social stigmatization" if his identity were disclosed in a lawsuit against the university which found him responsible for sexual misconduct).

As the foregoing authority demonstrates, John's privacy interest outweighs the public's interest in open court proceedings and protection of his identity will not prejudice Samford.

### III.     CONCLUSION

John has a reasonable fear of harm if denied the opportunity to pursue this action without a pseudonym and his privacy interests far outweigh the public's interest in full disclosure. He requests that this Court enter an order permitting him to proceed by pseudonym and granting him a Protective Order.

Respectfully Submitted,

/s/ *Brett H. Knight*
Brett H. Knight

4826-6407-4479, v. 1

Of Counsel:
JAFFE, HANLE, WHISONANT & KNIGHT, P.C.
2320 Arlington Ave. South
Birmingham, AL 35205
P: (205) 930-9800
F: (205) 930-9809
E: bknight@rjaffelaw.com

Of Counsel:
Susan C. Stone
Kristina W. Supler
KOHRMAN JACKSON & KRANTZ, LLP
1375 E. 9th Street, 29th Floor
Cleveland, OH 44114
P: (216) 696-8700
F: (216) 621-6536
E: scs@kjk.com; kws@kjk.com
*Motion to Admit Pro Hac Vice pending*

  *Counsel for Plaintiff John Doe*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Motion to Proceed under Pseudonym was filed electronically on this 25th day of June, 2021. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties not receiving service through the Court's electronic filing system will be served by regular U.S. mail. Parties may access this filing through the Court's system.

　　　　　　　　　　　　　　　　　　/s/ *Brett H. Knight*_____
　　　　　　　　　　　　　　　　　　  Brett H. Knight