# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:21-CV-00871-ACA |
| SAMFORD UNIVERSITY; ) | |
| MALLORY KRUNTORAD; and ) | |
| TIM S. HEBSON, Ed.D., ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM (DOC. 2) AND MOTION TO SEAL THE RECORD

Pursuant to the Court's July 21, 2021, text order (Doc. 19), Defendants Samford University, Mallory Kruntorad, and Tim S. Hebson (collectively "Defendants") respond as follows to Plaintiff's Motion to Proceed Under Pseudonym (Doc. 2), and further move the Court to seal the record in this case pending the opportunity for counsel to confer regarding entry of an appropriate protective order:

1.  Plaintiff was "Respondent" in a student investigative and adjudicatory proceeding under Title IX of the Education Amendments of 1972. The "complainant" in that proceeding, referred to in the Complaint as "Jane Roe," accused Plaintiff of sexual assault.

2. Defendants do not object to Plaintiff's Motion to Proceed Under Pseudonym (Doc. 2), but contend that the mere use of pseudonyms is insufficient to protect the privacy interests of Plaintiff or Complainant Jane Roe.

3. As discussed in Defendants' Response in Opposition to Plaintiff's Motion for Declaratory Judgment, and Preliminary and Permanent Injunction (Doc. 14), the parties to the Title IX proceedings and their counsel entered into confidentiality agreements with Samford University. (*See* Doc. 14, ECF pp. 30–33). A redacted copy of John Doe's Nondisclosure Agreement and the Advisor Agreements are contained in the record at Doc. 14-1 - 14-3. The reason for those confidentiality agreements is to protect the rights of students under Title IX and its implementing regulations, and also under the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA").

4. Plaintiff John Doe is a party to this action and is in a position to advocate for his own privacy interests, as he has demonstrated by filing the Motion to Proceed under Pseudonym (Doc. 2)  Further disclosure of private and confidential information concerning the underlying Title IX proceedings, however, may compromise the anonymity and privacy rights of Jane Roe, who is not a party to this action. Defendants anticipate that Plaintiff might file additional materials on August 4, 2021, in response to Defendants' motion to dismiss (Doc. 12) and/or in reply Defendants' response to Plaintiff's motion for preliminary injunction (Doc. 14),

which might further compromise Jane Roe's anonymity and privacy. Furthermore, defendants believe that they might be called upon to submit discovery and/or evidence that would be protected from disclosure by FERPA. (*See*, e.g. Doc. 3 and Doc. 3-1)[1]

5.  Counsel for Jane Roe, who is not a party to this action, made a demand by letter dated July 23, 2021, for the parties to move for sealing of the record in this action. A copy of the letter is attached hereto as Exhibit A.

6.  Defendants request that the Court immediately place the entire record under seal in this matter pending an opportunity for Defendants to confer with Plaintiffs' counsel and counsel for non-party Jane Roe to negotiate the terms of a protective order. *See generally Johnstun v. Proctor & Gamble Co.*, 2007 WL 2071266, at *2 (N.D. Ga. July 18, 2007) (granting emergency motion to seal based on plaintiff's violation of a confidentiality order entered by a third-party plan administrator).

7.  Defendants respectfully join in Plaintiff's request to use pseudonyms in this litigation, and further request the court allow the parties until August 11, 2021,

---

[1] Defendants maintain their position that discovery is premature, and that their motion to dismiss completely obviates the need for discovery. If the case were to proceed beyond the pending dispositive motion, however, Defendants might be called upon to respond to discovery requests containing highly personal and confidential information of the Complainant Jane Roe, and might also need to use such evidence in their defense. Similarly, Defendants must reserve the ability to cooperate with law enforcement agencies that are investigating the incident that is the subject of this lawsuit. Thus the further need for a protective order.

to confer and to file a proposed protective order with the Court, or in the absence of an agreement, for Defendants to file a motion for protective order.

>Respectfully submitted,
>
>*/s/ James C. Pennington*
>James C. Pennington (ASB-1287-N62J)
>Amy Quick Glenos (ASB-2345-C66A)
>OGLETREE, DEAKINS, NASH, SMOAK
>    & STEWART, P.C.
>420 20th Street North, Suite 1900
>Birmingham, AL 35203
>Telephone: 205.328.1900
>Facsimile: 205.328.6000
>james.pennington@ogletree.com
>amy.glenos@ogletree.com
>*Attorneys for Defendant Samford University*

## CERTIFICATE OF SERVICE

I hereby certified that on the 28th day of July, 2021, I e-filed the foregoing via the Court's CM/ECF system which will automatically send notification of such filing to the following counsel of record:

| | |
|---|---|
| Bret H. Knight | Susan C. Stone |
| JAFFE, HANLE, WHISONANT & KNIGHT, P.C. | Kristina W. Supler |
| | KOHRMAN JACKSON & KRANTZ, LLP |
| 2320 Arlington Avenue, South | 1375 E. 9th Street, 29th Floor |
| Birmingham, AL 35203 | Cleveland, OH 44114 |
| bknight@rfajjelaw.com | scs@kjk.com |
| | kws@kjk.com |

>*/s/ James C. Pennington*
>Of Counsel

4