
FILED
2021 Jul-30 AM 08:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHN DOE,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **2:21-cv-00871-ACA** |
| | ] | |
| **SAMFORD UNIVERSITY,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## ORDER

This case involves allegations implicating significant privacy interests of both the plaintiff and a non-party to the case. At a Halloween party in 2020, Plaintiff John Doe and non-party Jane Roe had a sexual encounter. John Doe alleges that the encounter was consensual. Jane Roe alleges that it was not, and filed a complaint against John Doe for violations of Defendant Samford University's sexual misconduct policy. After an investigation by Defendants Mallory Kruntorad and Tim Hebson, followed by a hearing, Samford found John Doe responsible for sexual misconduct and suspended him. John Doe then filed this lawsuit, alleging that Defendants' finding of responsibility was marred by gender bias, violating Title IX, 20 U.S.C. § 1681. (Doc. 1 at 25–30).

Before the court are two preliminary motions filed by John Doe: an unopposed motion for him and Jane Roe to proceed under pseudonyms and for a protective

order (doc. 2) and an opposed motion for expedited discovery (doc. 3). In their response to the motion to proceed under pseudonyms, Defendants seek to seal the entire record in this case. (Doc. 26 at 2–3). The court **GRANTS IN PART AND DENIES IN PART** John Doe's motions to proceed under pseudonyms and for expedited discovery, and **DENIES** Defendants' motion to seal the record in this case.

    1. <u>Motion to Proceed Under a Pseudonym</u>

The court notes at the outset the Defendants do not oppose John Doe's motion for himself and Jane Roe to proceed under pseudonyms. (Doc. 26 at 2). But, as the Seventh Circuit has held, "the privilege of suing or defending under a fictitious name should not be granted automatically even if the opposing party does not object." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997).

Federal Rule of Civil Procedure 10(a) provides that a "complaint must name all the parties." Based on this rule, "parties to a lawsuit must identify themselves in their respective pleadings." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (quoting *Frank*, 951 F.2d at 322). A plaintiff may proceed under a fictitious name only in exceptional cases. *Frank*, 951 F.2d at 323; *see also Plaintiff B*, 631 F.3d at 1315 (quoting *Doe*

*v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) for the proposition that it is "the defendant, and not the plaintiff, who faces disgrace if the complaint's allegations can be substantiated") (alteration accepted)).

A plaintiff may proceed anonymously if he can show "a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Plaintiff B*, 631 F.3d at 1315–16 (quotation marks omitted). To determine whether the plaintiff's privacy right outweighs the presumption of openness, the court must consider all circumstances, including, but not limited to: (1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff will have to "disclose information of the utmost privacy"; and (3) whether the plaintiff will have to risk criminal prosecution by admitting his intention to engage in illegal conduct. *Id.* at 1316. The court must also consider any other factor presented by the case. *Id.* The presence of any one factor is not dispositive. *Frank*, 951 F.2d at 323.

John Doe first argues that he should be permitted to proceed under a pseudonym because he is challenging government activity by Samford. (Doc. 2 at 2). But Samford is a private university, and its acceptance of federal funding does not convert it into a governmental actor. John Doe's only other argument in support of his own anonymity is that Jane Roe's accusation of sexual assault—which he alleges is false—is a matter of "utmost privacy that will have life-long consequences

if made publicly available," and that his medical conditions carry with them social stigmas.  (Doc. 2 at 2–3).

John Doe's arguments about the need to disclose private information do not persuade the court that his privacy right outweighs the presumption of open judicial proceedings.  In *Plaintiff B*, the Eleventh Circuit noted that "courts have often denied the protection of anonymity in cases where plaintiffs allege" that they were victims of sexual assault.  631 F.3d at 1316.  This is so even though a plaintiff who alleges that he or she is the victim of a sexual assault can prevail only by proving the truth of the allegation that invades his or her privacy.  For example, in *Plaintiff B*, the Eleventh Circuit concluded that two plaintiffs did not necessarily have the right to proceed anonymously, even though they were suing the maker of a videos marketed as pornography for including footage of them, as minors, flashing their breasts.  *Id.* at 1312, 1317.  Instead, the Court ordered the district court to consider all the factors in deciding whether to exercise its discretion to allow the use of pseudonyms.  *Id.* at 1319.

Here, John Doe alleges that he did not engage in sexual misconduct, but instead that the sexual encounter was consensual, that Jane Roe falsely accused him, and that Defendants' gender bias is the reason they found him responsible.  A false accusation of sexual assault is no light matter and can have serious repercussions in a person's personal and professional life, but John Doe filed this suit because he

believes he can establish that he did not assault Jane Roe and that only Defendants' gender bias led them to find him responsible. John Doe has not explained to the court's satisfaction how, if he can prevail on his claim that he was falsely accused, disclosure of his identity would so invade his privacy that the court must permit him to proceed anonymously.

John Doe also argues that disclosure of his medical conditions exposes him to social stigma. (Doc. 2 at 3). The court notes that John Doe has not explained exactly how his medical conditions are relevant to his claims. Moreover, embarrassment alone is not enough to require the use of a pseudonym. In *Frank*, the Eleventh Circuit held that a plaintiff's embarrassment about the disclosure of his alcoholism was insufficient to outweigh the presumption of open judicial proceedings. 951 F.2d at 324. Because John Doe has not explained why the disclosure of his medical conditions is necessary or that he will suffer anything more than embarrassment by their disclosure, he has not carried his burden of showing why disclosure of the conditions weighs in favor of permitting him to proceed anonymously.

The court has considered other factors, including the combined effect of John Doe's arguments, Defendants' lack of opposition, and the fact that Defendants know John Doe's real identity and therefore would not be prejudiced by him proceeding anonymously. Having weighed John Doe's arguments and the circumstances presented by this case, the court **DENIES** his motion to proceed under a pseudonym.

He must file a motion to substitute his real name for John Doe **on or before August 4, 2021**.

Jane Roe is a different matter.  Unlike John Doe, she is not a party to this lawsuit.  Rule 10(a) does not apply to non-parties and the court has been unable to locate any authority requiring the disclosure of the identity of non-parties, at least at this early stage in the case.  Taking John Doe's allegations as true, Jane Roe—a college freshman—falsely accused him of sexual assault.  As a non-party to the lawsuit, she does not have the opportunity to deny or disprove John Doe's allegations, and must instead rely on the named defendants.  Accordingly, the court **GRANTS** the motion for Jane Roe to proceed under a pseudonym at this stage, subject to revisiting the question of anonymity at trial if the case proceeds to that stage.

2.  Motion to Seal the Record

In their response to John Doe's motion to proceed under pseudonyms, Defendants ask the court to seal the entire record in this case.  (Doc. 26 at 3).

"The common-law right of access establishes a general presumption that criminal and civil actions should be conducted publicly and includes the right to inspect and copy public records and documents."  *F.T.C. v. AbbVie Prod. LLC*, 713 F.3d 54, 62 (11th Cir. 2013) (quotation marks omitted and alteration accepted).  A judicial complaint is considered a judicial record.  *Id.*

"Where the trial court conceals the record of an entire case, making no distinction between those documents that are sensitive or privileged and those that are not, it must be shown that the denial of access is necessitated by a compelling governmental interest, and is narrowly tailored to that interest." *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (quotation marks omitted and alteration accepted); *see also Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) ("The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential.") (quotation marks omitted and alteration accepted).   The court has to consider "among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246.

Defendants argue that sealing the entire record is warranted because the case may involve the disclosure of confidential information about the underlying Title IX proceedings, private information about Jane Roe, and information protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g.  (Doc. 26 at 2–3).

The court does not find that these arguments warrant sealing the entire record, especially because the complaint and various exhibits have been publicly available in this case for over a month already.  The court therefore **DENIES** the request to seal the entire record **WITHOUT PREJUDICE** to the parties—individually or jointly—filing properly supported motions to seal specific documents based on Eleventh Circuit caselaw.

    3.  <u>Motion for Expedited Discovery</u>

    Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" absent either a court order or other circumstances not present here.  John Doe seeks an order from this court requiring Defendants to respond to ten interrogatories and ten requests for production before the Rule 26 conference (doc. 3), which the parties will have to hold by August 19, 2021.  In his reply brief in support of expedited discovery, John Doe indicates that he needs a preliminary injunction by August 30, 2021, heightening the need for discovery to begin quickly.  (Doc. 25 at 1).

    For good cause shown, the court **GRANTS** the motion **IN PART** and **ORDERS** Defendants to respond to interrogatories 1, 2,[1] 5, 6, 8, 9, and 10, and

---

[1] The court limits the scope of the interrogatory to 2019 and forward as suggested by John Doe.

requests for production 2(b), 2(c), 5, 7, 8, 9, and 10, **on or before August 13, 2021**. Defendants should also begin gathering the information needed for responses to interrogatories 3, 4, and 7, limited to 2019 and forward, and to requests for production 1, 2(a), 4, and 6. If the court denies the pending motion to dismiss, Defendants will be required to produce those responses within 48 hours of the court's ruling. To the extent Defendants have not already informed Jane Roe that her records may be subject to disclosure, they must do so immediately. If they have already made that disclosure to Jane Roe, they must notify the court, in writing, of the date on which the disclosure was made.

Finally, the court **MODIFIES** the briefing schedule on Defendants' motion to dismiss the complaint. John Doe's response is now due **on or before August 4 at noon**, and Defendants' reply, if one is necessary, is due **on or before August 10 at noon.**

**DONE** and **ORDERED** this July 30, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE