IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | CIVIL ACTION NO. |
| | ) | 2:21-CV-00871-ACA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SAMFORD UNIVERSITY; MALLORY KRUNTORAD; and TIM S. HEBSON, Ed.D., | ) ) ) ) | |
| Defendants. | | |

## MOTION FOR STAY PENDING APPEAL

Plaintiff John Doe, ("John") hereby moves this Court for a stay of this Court's order of July 30, 2021 (Doc. No. 27) requiring John to substitute his name for his pseudonym no later than August 4, 2021 pending interlocutory appeal to the United States Court of Appeals for the Eleventh Circuit. The reasons for this motion are more fully outlined in the accompanying Memorandum in Support.

Respectfully Submitted,

/s/ *Kristina W. Supler*
Kristina W. Supler

Of Counsel:
Susan C. Stone*
Kristina W. Supler*
KOHRMAN JACKSON & KRANTZ, LLP
1375 E. 9th Street, 29th Floor
Cleveland, OH 44114
P: (216) 696-8700
F: (216) 621-6536
E: scs@kjk.com; kws@kjk.com
*Admitted Pro Hac Vice

Of Counsel:
JAFFE, HANLE, WHISONANT & KNIGHT, P.C.
2320 Arlington Ave. South
Birmingham, AL 35205
P: (205) 930-9800
F: (205) 930-9809
E: bknight@rjaffelaw.com
 Counsel for Plaintiff John Doe

## MEMORANDUM IN SUPPORT

Plaintiff moves this Court to stay its Order of July 30, 2021 (Doc. No. 27), ("Order") pending interlocutory appeal to the Court of Appeals for the Eleventh Circuit. In *Plaintiff B v. Francis*, the Eleventh Circuit recognized "[a] district court's order denying anonymity for a party is a final appealable order under the collateral order doctrine…[and the Eleventh Circuit has] appellate jurisdiction under 28 U.S.C. §1291(2010)." *Plaintiff B v. Francis*, 631 F.3d 1310, 1314-1315, 2011 U.S. App. LEXIS 1940, *11, 39 Media L. Rep. 1257, 22 Fla. L. Weekly Fed. C 1743 *citing Doe v. Stegall*, 653 F.2d 180, 183 (5th Cir. Unit A Aug. 1981).

The Supreme Court of the United States has recognized that it "has always been held…that as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal…. A stay does not make time stand still, but does hold a ruling in abeyance to allow an appellate court the time necessary to review it." *Nken v. Holder,* 556 U.S. 418 (2009) at 421 (internal citations omitted). This Court may thus grant a stay of its Order to allow for appellate review.

In determining whether to issue a stay pending appeal, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties

interested in the proceeding; and (4) where the public interest lies.'" *Nken* 556 U.S. at 432. Courts balance the equities of these four factors in evaluating whether to grant a stay pending appeal. *See, e.g., Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). A balancing of these factors here weigh in favor of granting John's motion to stay pending appeal.

Regarding the first factor, a stay may be "granted upon a lesser showing of a 'substantial case on the merits' when 'the balance of equities [identified in factor 2, 3, and 4] weighs heavily in favor of granting the stay. *Id* at 1453 *quoting Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981). This standard takes into account that the district court "has already decided the merits of the legal issue," such that the moving party cannot reasonably convince the district court that its "appeal would probably be successful." *Ruiz*, 650 F.2d 555 at 565 (5th Cir. 1981). Rather, "[a]n order maintaining the status quo is appropriate when a serious legal question is presented, when little if any harm will befall other interested persons or the public and when denial of the order would inflict irreparable injury on the movant." *Id* (internal citations omitted).

John can meet all factors set out above. First, his appeal presents a serious legal question, and he can present a strong showing that he will be successful on the merits. Authority across the country supports John's proceeding under pseudonym. *See, e.g., Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 764 (E.D. TN 2009); *Doe*

*v. Alger*, 317 F.R.D. 37, 42 (W.D. VA 2016); *Doe v. Rector and Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 594 (E.D. VA 2016); *Doe v. Brown Univ.*, C.A. No. 15-144 (D.R.I. Apr. 14, 2015); *Doe v. Brandeis*, 117 F. Supp.3d 561 (D. Mass. 2016). Likewise, the unique circumstances of this case present a "serious legal question," justifying a stay pending review. *See Ruiz*, 650 F.2d 555 at 565 (5th Cir. 1981). John has presented evidence that the public revelation of his mental disabilities, the potential for a criminal investigation, and severe reputational harm that may come to him regardless of his ultimate vindication in this lawsuit based on the highly politically charged nature of such allegations, all support his request to proceed anonymously in this litigation.

Second, the harm that may come to John in revealing his identity in a public court filing no later than August 4, 2021 would be irreparable without a stay, even if John is ultimately successful on appeal. There is no way to "undo" John's loss of anonymity in any meaningful sense once his identity is revealed in a pleading that is publicly accessible. Once his identity is revealed in a public court document, his privacy can no longer be protected. John is at risk of social stigmatization due to his diagnosed illnesses and due to being falsely found responsible for sexual assault. John may also be subject to criminal investigation, further supporting his need to proceed anonymously.

Third, the other parties in the litigation will suffer no harm due to the issuance of a stay. Since the Defendants agreed to proceed anonymously, an evaluation of this factor is moot. Indeed, the privacy interests of Jane Roe may be compromised by the revelation of the identity of Witness #1, the sister of Jane Roe. John also notes the interests of Samford University in compliance with their legally mandated responsibilities with regard to the confidentiality of student records under FERPA 20 U.S.C. §1232(g) and 34 F.C.R. Part 99. The parties are in agreement that anonymity is necessary to protect the interests of all involved. *See* Defendants' Response to Plaintiff's Motion to Proceed Under Pseudonym and to Seal the Record, Doc. 26 at page 2 (recognizing the privacy and confidentiality interests at issue and requesting the even greater privacy protection of sealing the record).

Finally, the public interest is not harmed by allowing John and all anonymous parties to maintain their anonymity pending the Eleventh Circuit's review. Even if John is unsuccessful in his appeal, there is no prejudice to the other parties or to the public interest that would be caused by a short delay in the ultimate revelation of John's identity.

Respectfully Submitted,

/s/ *Kristina W. Supler*<br>Kristina W. Supler

Of Counsel:
Susan C. Stone*
Kristina W. Supler*
KOHRMAN JACKSON & KRANTZ, LLP
1375 E. 9th Street, 29th Floor
Cleveland, OH 44114
P: (216) 696-8700
F: (216) 621-6536
E: scs@kjk.com; kws@kjk.com
*Admitted Pro Hac Vice

Of Counsel:
JAFFE, HANLE, WHISONANT & KNIGHT, P.C.
2320 Arlington Ave. South
Birmingham, AL 35205
P: (205) 930-9800
F: (205) 930-9809
E: bknight@rjaffelaw.com
 Counsel for Plaintiff John Doe

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Motion for Stay Pending Appeal was filed electronically on August 2, 2021. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties not receiving service through the Court's electronic filing system will be served by regular U.S. mail. Parties may access this filing through the Court's system.

/s/ *Kristina W. Supler*
Kristina W. Supler

4838-0172-5172, v. 1